HIRAM F. INGLEHART AND OTHERS, RESPONDENTS, *v.* THE THOUSAND ISLAND HOTEL COMPANY, HELEN M. STAPLES AND OTHERS, APPELLANTS.

*Trustee of a company — right of, to purchase judgments against it — they may be enforced for their full amount although purchased at a discount.*

Where a trustee of a corporation purchases with his own funds a judgment, which has been recovered against it, for less than the amount due thereon, and thereafter assigns the same to a third person, the assignee may enforce the judgment against the company for the full amount due upon it, he is not limited to the collection of the amount paid therefor by his assignor.

APPEAL from a judgment, entered on the decision of the Jefferson county Special Term.

The appeal was taken by the defendants, the Hotel Company, Charles F. Staples and Ellen M. Staples.

ON the 27th day of January, 1874, the plaintiffs commenced an action against the defendant, Thousand Island Hotel Company, a corporation engaged in carrying on the hotel business at Alexandria Bay, Jefferson county; for $1,370.11, and on the 9th day of April, 1875, recovered a judgment therein against said defendant for

$1,370.11. The plaintiffs thereupon issued an execution upon said judgment, which was afterwards returned unsatisfied.

On the 1st day of May, 1873, the said hotel company had become the owner of the hotel called the Thousand Island House, and the land on which the same is situated. On the 7th day of August, 1873, the defendant Alfred Tilly, duly filed a mechanics' lien against the said hotel company, and upon said hotel and the land on which the same stands. On the 19th day of March, 1874, the said Tilly commenced an action in this court to foreclose the said lien, and on the 11th day of August, 1875, judgment was rendered in the said action, declaring the said lien to the extent of $3,936.74 damages, and $199.83 costs, and directing a sale of the said property for the purpose of satisfying the same. From the said judgment the said Thousand Island Hotel Company appealed to the General Term. The said appeal was submitted to the General Term in October, 1876, and on the 29th day of December, 1876, a decision was made by the General Term reversing the said judgment, and ordering a new trial, but the order of reversal was never entered in Jefferson county. Pending the said appeal, and on the 27th day of November, 1876, the defendant Tilly sold and assigned the said lien and judgment to the defendants Kennedy, Spaulding & Co. On the 28th day of December, 1876, an agreement was made between said Orin G. Staples, a trustee of the company, representing one Charles F. Staples and the said Kennedy, Spaulding & Co., the owners of the Tilly judgment, whereby it was stipulated that a judgment of affirmance upon the said appeal should be entered; that Kennedy, Spaulding & Co., would assign the said judgment to Charles F. Staples for $2,400, and that they would advertise and sell the said hotel property and bid on such sale the amount of their judgment, and if they purchased the same they would convey it to Charles F. Staples on payment of the said sum of $2,400. Judgment of affirmance upon the said stipulation was accordingly entered in Jefferson county clerk's office, December 30, 1876. The said property was accordingly advertised for sale, and was bid off by Kennedy, Spaulding & Co., for the amount of their judgment, the plaintiffs in this action attending and announcing to those present that the judgment had been reversed and a sale thereunder would be invalid. The report of sale was afterwards duly confirmed

by the court, and a conveyance of the aforesaid property was executed to Kennedy, Spaulding & Co. At the time the agreement was made with Kennedy, Spaulding & Co., for the affirmance of said judgment, they were paid $1,000 by the certified check of Charles F. Staples. Payments were subsequently made to them by Orin G. Staples, until on the 6th day of January, 1880, the balance unpaid then was $849.30. The interest in the Kennedy, Spaulding & Co., contract was on the 26th day of October, 1877, assigned by Charles F. Staples to defendant Helen M. Staples, wife of Orin G. Staples.

This action was brought to set aside the Tilly judgment of affirmance and the sale thereunder, and to restore the lien of plaintiffs' judgment, or that plaintiffs be permitted to redeem the hotel property on such sale.

The court below held that the agreement for the withdrawal of the appeal and the affirmance of the judgment were valid, notwithstanding the reversal of the same at General Term; that the sale and conveyance under said judgment to Kennedy, Spaulding & Co. was valid, and that the plaintiffs had no right of redemption under the same. He further held that Helen M. Staples must be deemed to be in possession of assets of the Thousand Island Hotel Company, to the extent that the sum bid by Kennedy, Spaulding & Co. exceeded what they were paid by Charles F. Staples, and directed an amendment of the complaint and a sale of the hotel property for the purpose of paying the plaintiff's judgment.

*O'Brien & Emerson*, for the appellants.

*Bradley Winslow*, for the respondents.

Barker, J.:

The trial court, in passing upon the rights of the parties, sustained the validity of the Tilly lien, and the regularity of the sale in the foreclosure proceedings. In disposing of the questions of law we deem it necessary to examine on this appeal, we shall proceed upon the correctness of these conclusions, for the reason that, upon the facts as found, they are logical and correct.

In view of the specific findings of fact as set forth in the decision, we shall not, in this case, for the purpose of upholding the legal propositions deduced therefrom, assume that the trial court found

other facts than those therein mentioned. The records and contracts given in evidence having an important bearing on the issues, are not fully set forth in the case, and it would be highly improper for this court, in a case thus made up, to indulge in presumptions as to the existence of facts not reported in the decision or admitted by the pleadings. The defendants Kennedy, Spaulding & Co., by their purchase, acquired a perfect title to the Tilly judgment, based on a good consideration. They had a right, so long as it remained in force and unreversed, to collect the same in the mode and manner provided by the statute creating the lien. As assignees and owners they could transfer the same to any person willing to become the purchaser. At the time of the sale of the premises the title to the judgment was in them, as the contract with Charles F. Staples was wholly executory and remained unperformed at the time of the trial, and there was then found to be due and unpaid thereon the sum of $849.30. It was made a term of the contract of sale that the judgment was not to be assigned until full performance by the purchaser, and it was specifically provided, that he should have no right under it if he failed to make the payments, and also, that a breach of any of the conditions should work a complete forfeiture of the contract.

The facts as found, do not, in my opinion, sustain the legal conclusion reached by the trial court, " that the amount unpaid on the Tilly judgment in the hands of Charles F. Staples and his assignees is the sum of $2,400, and no more," and cannot be enforced for a greater amount. This part of the decree is sought to be sustained, on the theory that the hotel company, the owner of the premises subject to the lien, by consenting to an affirmance of the judgment, secured a compromise with the holder of the same as to the amount due thereon, which in equity reduced it to the sum mentioned. It is not pretended that the company then paid anything whatever upon the judgment; it parted with nothing. At this time the judgment was in full force and effect and has never been reversed or modified. The announcement by the General Term of its decision, that the judgment was erroneous and directing that the same be set aside and a new trial granted was not in a legal sense a reversal. It needed a judgment or order, entered in the due course of procedure, to secure that result. The stipulation that a judgment of affirmance might be entered was in effect an abandonment of the appeal

and nothing more, and we fully concur in the views of the trial court in this particular.

The motives and considerations which induced the officers of the company to consent to an affirmance of the judgment were not passed upon by the trial court. The circumstances attending the negotiations were such as to constitute some evidence, in support of the position which has been advanced by the respondents, that the officers of the company were in collusion with the owners of the judgment, to keep on foot an invalid and fraudulent lien upon the property of the company, to the injury of the plaintiffs as subsequent judgment creditors. But there is no finding of fact that such was the purpose of the parties in entering into the stipulation, for an affirmance of the judgment, but on the contrary the trial court held the judgment to be legal and valid ; and that the judgment of affirmance was agreed upon without any fraudulent intent or purpose.

It was found as a fact that the transfer of the judgment by Kennedy & Co. to Charles F. Staples was made in the interest of and for the benefit of Orrin G. Staples, who was at that time president and one of the trustees of the company. It is claimed by the plaintiffs that as Staples was at this time trustee, in equity, as against him, the company is entitled to all the benefits and advantages derived by the contract for the purchase and transfer of the Tilly judgment. None of the money paid to Kennedy & Co. by O. G. Staples belonged to the hotel company, although he may have acted for himself, doing the business and taking the assignment in the name of C. F. Staples. This also must have been the conclusion of the trial court, as the decree provides that out of the moneys which may be realized from the sale which has been ordered there shall be paid to the defendant Ella M. Staples, the present assignee of the contract of sale, a sum equal to that which has been paid to Kennedy & Co. before any of the money realized on the sale is to be paid over to the plaintiffs on their judgment. The evidence tends to prove that the sums paid to Kennedy & Co. were supplied by Charles F. Staples out of his own money, and there is no finding to the contrary.

The finding as to the part taken by O. G. Staples in negotiating for the purchase, and his actual interest therein, at the most nothing

more than that he, with his own money and for his own personal benefit, purchased the Tilly judgment for a sum less than the amount due thereon and caused the same to be transferred to Charles F. Staples, reserving to himself the power and authority of controlling and directing the mode and manner of its collection. Conceding such to be the facts the first question presented is, could Staples while holding the office of trustee, make a valid purchase of this judgment and enforce its collection for the full amount due thereon out of the assets of the company. I am not aware of any rule of law which limits or restrains his actions in this respect by reason of his being a trustee of the debtor corporation. That a trustee of a corporation organized under the general laws of this State acts in a fiduciary character, is not a subject of doubt as he is intrusted with power and authority to be exercised in the interest of the stockholders and creditors of the company. In dealing with its property and in the management of its affairs, he is subject to the obligations and disabilities incident to that relation, and he must so act as not to permit himself or his own private interests to interfere or compete with his duty to the company. (*Hoyle* v. *Plattsburgh and Montreal R. R. Co.*, 54 N. Y., 314; *Cumberland Coal Co.* v. *Sherman*, 30 Barb., 553; *Twin Lick Oil Co.* v. *Marbury*, 91 U. S., 588.)

It is not, however, deemed to be inconsistent with the duties which a trustee owes a company, to loan and advance to it moneys to be used in transacting its legitimate business, and to meet its financial wants and receive security therefor by mortgage or pledge of the assets of the company. By fair dealing and in the legitimate business of the company he may become one of its creditors. Transactions of this character between an officer of the company and the company itself, is of frequent occurrence and has received the approval and sanction of the courts as appropriate and not inconsistent with the duty which a trustee owes to the stockholders and creditors of the company. (*Duncomb* v. *N. Y., H. and N. R. R. Co.*, 84 N. Y., 190; *Twin Lick Oil Co.* v. *Marbury, supra.*) So also a trustee or director may, with his own money, purchase for himself of a third person, a valid and subsisting outstanding debt owing by the company, and secure a perfect title thereto. Such a transaction is not even the ground for entertaining the suspicion that

it is in violation of any duty which he owes the corporation, and there is no presumption of law against its fairness. If the obligation is valid the owner may sell and transfer it to any one who is willing to become a purchaser, and he thereby secures an unquestioned title. (See the cases last cited; also *Clark* v. *Flint and Pere Marquette R. Co.*, 5 Hun, 556.)

The other question to be considered in this connection is, will the trustee or director be permitted to enforce a collection of the debt thus acquired for its entire amount, or shall he be limited to the sum which he actually paid for the debt or obligation. I am unable to discover any good reason why he should not be permitted to enforce payment for the full amount, nor can I find any decision limiting the trustee to the sum actually paid. In these times a large proportion of the mercantile, commercial and manufacturing business of the country is carried on by corporations, and many of them issue, in large amounts, securities in the form of negotiable instruments, payable in the future, which are purchased and held as investments by capitalists and others, and it has never been questioned but that a director in a corporation of this character might purchase the same of a third person at a discount, and collect from the company the entire sum secured thereby.

If these views are correct, then the decree is erroneous so far as it directs that the present owner of the judgment is not entitled to receive thereon any greater sum than was paid to Kennedy and Company on the sale and transfer thereof.

The trial court did not adjudge the sale which took place as invalid, and the decree is based upon the supposition that it was entirely regular. It is undoubtedly incumbent upon a director of a corporation, when seeking to enforce a collection of a judgment, owned by himself individually, by a sale of the property or assets of the company, to act with the greatest fairness and publicity, and to do every thing reasonably within his power to secure the highest price for the property sold, and if he is guilty of any improper action by which he secures to himself the property of the company for less than its fair market value, the sale may be set aside on the application of interested parties. But, as I understand the theory of the decree, the prior sale is not set aside, but another sale is ordered as a means of securing to the plaintiff, to be applied on their judgment, the

value of the property over and above the sum agreed to be paid to Kennedy and Company on the transfer of the judgment to Charles F. Staples.

The respondents were not made parties in the foreclosure proceedings, and in disposing of the questions now presented we have not intended to express any opinion on the subject, whether the same have been properly conducted, so as to cut off the plaintiffs' lien on the property.

As it is impossible to conform the decree to the rights of the parties, upon the facts as they now appear the judgment is reversed and a new trial ordered, with costs to abide the event.

SMITH, P. J., and HARDIN, J., concurred.

So ordered.